IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Doctors Hospital of Augusta, LLC ) | C.A. No.: 6;10-1637-HFF |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **C O M P L A I N T** |
| ) | |
| BlueChoice HealthPlan of South ) | |
| Carolina, Inc., ) | |
| ) | |
| Defendant. ) | |

The Plaintiff, complaining of the Defendant herein, would respectfully show unto this Honorable Court as follows:

I.

Plaintiff is a hospital located in Augusta, Georgia organized pursuant to the laws of one of the states of the United States and which treats patients who reside in South Carolina.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in Greenville, South Carolina.

III.

In this matter, Plaintiff asserts an entitlement to benefits from Defendant pursuant to ERISA 29 U.S.C.S. §1132(a)(1)(B). Accordingly, this Court has jurisdiction to hear this matter based upon the involvement of a federal question.

IV.

Plaintiff operates one of the largest centers in the southeastern United States for treatment of burn injuries.  Beginning on August 22, 2008, Plaintiff treated an individual (hereinafter "the patient") who resided in Greenville County, SC for severe burn injuries.  Plaintiff's total charges for treating this patient were $2,770,114.98.

V.

At the time of his admission to plaintiff's hospital, the patient was a participant in an ERISA governed plan (hereinafter "the plan") insured by the defendant.  Besides being the insurer of the plan, Defendant is also the sole entity responsible for determining whether claims such as the Plaintiff's should be paid.  Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable.  As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated the Defendant is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

VI.

Plaintiff, as a medical provider of patient, is a "beneficiary" as defined by the document governing the Defendant plan pursuant to ERISA 29 U.S.C.S. § 1132(a)(1)(B) and 29 U.S.C.S. § 1002.  Additionally, Plaintiff is a valid assignee of patient.  Finally, Plaintiff is a preferred provider of Defendant with both direct and derivative standing to assert this action.

VII.

Plaintiff submitted the aforementioned claims to the Defendant for payment, but the Defendant has refused to pay the charges and has denied the claim.

VIII.

Plaintiff has appealed the denial and, yet, the claim remains denied. Plaintiff has fully exhausted administrative remedies and has the right to bring this action pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B).

IX.

Defendant made its claim decision while operating under a conflict of interest which significantly influenced the Defendant to deny Plaintiff's claim. The Defendant's decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process. Instead, the Defendant's decision was reached by Defendant ignoring relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased information and/or flawed expert opinions. Accordingly, Defendant operated under a conflict of interest which improperly and significantly influenced its claim decision.

## **FOR A FIRST CAUSE OF ACTION**

### **(For Benefits Pursuant to ERISA 29 U.S.C.S. §1132(a)(1)(B))**

X.

Plaintiff incorporates all prior allegations herein, where not inconsistent, as if fully set forth herein.

XI.

Plaintiff has standing to assert this action against the Defendant plan for the purpose of ERISA 29 U.S.C.S. §1001 *et. seq.*

XII.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard

of review, and declare, pursuant to 29 U.S.C.S. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which she seeks under the terms of the plan.  In the event that the court reviews the record and/or other relevant information and determines that the Defendant abused its discretion or that its decision is not supported by the record, but that the substance of the record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant.  Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award her attorney's fees and costs pursuant to 29 U.S.C.S. §1132(g).

**WHEREFORE**, having fully stated its claim against the Defendant, the Plaintiff respectfully prays for the following: 1) for a declaration of entitlement to benefits against the Defendant pursuant to ERISA 29 U.S.C.S. §1132(a)(1)(B); and 2) for attorney's fees and costs pursuant to 29 U.S.C.S. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ Robert E. Hoskins
Robert E. Hoskins, Esq., #5144
**FOSTER LAW FIRM, L.L.C.**
PO Box 2123
Greenville, SC 29602
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:  rhoskins@fosterfoster.com

                                Robert L Allgood, Esq., #576
                                **Robert L Allgood PC**
                                1450 Greene Street Suite 105
                                Augusta, Ga. 30901
                                (706) 955-7452
                                (706) 955-7468 (facsimile)
                                E-mail:  robertallgood@hotmail.com

Date: <u>June 25, 2010</u>                Attorneys for Plaintiff